IN RE: ATRIUM MEDICAL CORP. C–QUR MESH PRODUCTS LIABILITY LITIGATION

MDL No. 2753

United States Judicial Panel on Multidistrict Litigation.

December 8, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

### TRANSFER ORDER

Sarah S. Vance, Chair

**Before the Panel:** Plaintiffs in the actions listed on Schedule A and pending in the District of New Hampshire move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of New Hampshire. This litigation consists of thirteen actions pending in seven districts, as listed on Schedule A. The Panel also has been notified of eight related actions pending in eight districts.[1] All responding parties support centralization in the District of New Hampshire, including plaintiffs in six actions and potential tag-along actions and defendants.[2]

██ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of New Hampshire will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions share common factual questions arising out of allegations that defects in defendants' C–Qur mesh products incite an allergic or inflammatory response that causes severe complications. All the actions involve factual questions relating to whether C–Qur mesh was defectively designed or manufactured, whether defendants knew or should have known of the alleged propensity of C–Qur mesh to result in an allergic or inflammatory response, and whether defendants provided adequate instructions and warnings with the mesh. These common factual issues are sufficiently complex to merit centralized treatment. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

██ We select the District of New Hampshire as the appropriate transferee district for this litigation. Seven of the actions on the motion, as well as a number of state court cases, are pending in this district, and Atrium is headquartered

---

1. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

2. Atrium Medical Corp. (Atrium), Maquet Cardiovascular, LLC, Getinge USA, Inc., and Getinge AB.

there. Given the unanimous support for this district by the parties, we conclude that the District of New Hampshire presents a convenient and accessible transferee forum. By selecting the Honorable Landya B. McCafferty to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Hampshire are transferred to the District of New Hampshire and, with the consent of that court, assigned to the Honorable Landya B. McCafferty for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

MDL No. 2753 — **IN RE: ATRIUM MEDICAL CORP. C-QUR MESH PRODUCTS LIABILITY LITIGATION**

Northern District of Florida
DORIS v. ATRIUM MEDICAL CORPORATION, C.A. No. 4:16–00295

Middle District of Georgia
BRYANT, ET AL. v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 3:16–00123

District of Kansas
RGERSON v. ATRIUM MEDICAL CORPORATION%, C.A. No. 2:16–02058

Eastern District of Louisiana
GUZMAN v. ATRIUM MEDICAL CORPORATION, C.A. No. 2:16–2179

Eastern District of Missouri
HEINZ v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 4:16–01587

District of New Hampshire
YOUNG v. ATRIUM MEDICAL CORPORATION, C.A. No. 1:16–0195

HICKS v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–00357

ACKLEY v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–0358

BADRY v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–00360

CROUCHER v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–0371

LUNA v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–00372

BLACKWOOD v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 1:16–00379

Western District of Texas
ZISSA v. ATRIUM MEDICAL CORPORATION, C.A. No. 5:15–00718